TURNER WILSON & CO. v. ROBERT BROWDER AND G. N. MOORE.

**Bill of Exchange—Accomodation Endorser.**
 The endorsement of a bill of exchange by one, for the purpose of assisting the drawer to obtain credit at the discounting bank, cannot be held liable on same, by the payee, especially where such facts were known to the acceptors.

**Same—Implied Assumpsit.**
 As a matter of law, nothing else appearing than a bill of exchange, there would be no implied assumpsit by the drawers to the acceptors who may have paid same.

**Same.**
 But when said such bills are drawn on letters of credit to enable a party to purchase and ship produce, this presumption would be rebutted and the drawer would become the primary debtor, and liable to the acceptor for advances.

APPEAL FROM WARREN CIRCUIT COURT.

June 3, 1869.

The court being sufficiently advised delivered the following opinion herewith, to-wit:

This was a suit by appellants as acceptors to recover of appellees the amount of four several bills of exchange drawn by them, accepted and paid by appellants with interest thereon, as follows:

1. Dated April 1, 1853, at 90 days for ............$4,000
2. Dated April 2, 1853, at 60 days for ............ 1,000
3. Dated April 9, 1853, at 60 days for ............. 2,500
4. Dated April 16, 1853, at 60 days for ............. 2,500

The defendants severally plead payment and Browder also put in a special defence that he was only an accomodation drawer for said Moore to give the paper credit in bank where it was drawn and not as a beneficial party, all of which was known to the plaintiffs before and when they accepted the bills and subsequently so acted on by them.

The jury having found for the defendants upon which the court

rendered judgment, overruling a motion for a new trial the plaintiffs seek a reversal.

The depositions of G. N. Moore and David Browder were read on the part of Robert Browder to establish that he was a mere accomodation party to said bills and that this was known to the plaintiffs, notwithstanding the exceptions to said deponents because of interest. The issues were separate and Moore was called against his interest for if he could render Robert Browder liable for one-half he thereby reduced his own ultimate responsibility or rather liability to loss.

David Browder was the payee and indorser in all of said bills and was called to show that Robert Browder went on them as an accomodation party for his and Moore's benefit and that such was known to the accepters. As Robert Browder would be responsible to him for whatever amount he might have to pay on said bills, had Robert Browder been a beneficial drawer he too, was called against his legal interest; both were therefore competent witnesses for Robert Browder. As to the credibility of their statements that belonged peculiarly to the jury to determine and the jury having determined the issues on the conflicting statement of the witnesses, so far as any existed, we could not for that reason disturb the finding.

The history of the case as derived from the evidence may be regarded substantially as follows:

Previous to the date of the first bill Moore had been residing in New Orleans where plaintiffs were doing business and by an arrangement with them, if not at their instance, he went to Clarksville, Tennessee, to purchase tobacco to be shipped to plaintiffs as factors for sale, bearing with him their letter of credit.

He says they suggested to him should it become necessary to furnish additional security to the banks to get them to discount the paper, that he should get Robert Browder to either become drawer or indorser for that purpose, and sent a letter of credit to Robert Browder and Moore to draw ten thousand dollars.

Robert Browder declined doing so but at the instance of Moore and David Browder consented, after Moore had drawn as largely as the banks were willing to take his paper without additional names, to become a joint drawer if they would immediately inform the plaintiffs that he had no interest in the tobacco to be purchased and shipped but was merely aiding them to have the

paper discounted and both David Browder and Moore say they did so inform plaintiffs and such was well understood by them and their statements are corroborated and fortified by the subsequent conduct of the plaintiffs whose accounts were kept against Moore, Browder and Moore and some two other firms in which Moore was interested but none against Robert Browder as is apparent from the fact that their accounts current were made out and delivered to Moore and David Browder and no account of sales were ever made out in favor of Robert Browder and Moore, but the account current against Browder and Moore was continued down long subsequent to the payment of the last bill drawn by Robert Browder and Moore, and several subsequent bills as well as sales appear in said account current.

The plaintiffs also settled a balance due Robert Browder of several hundred dollars several months subsequent to the payment of the last bill to which his name had been placed.

Indeed nothing seems even to have been said to Robert Browder or any one else of his responsibility on said bills until after David Browder and Moore had failed although many months had elapsed.

And even then the plaintiffs urged David Browder to secure them in the balance of a long account on one and two years time else they should attempt to hold Robert Browder as drawer, responsible on said bills.

So it was not only proven by direct and positive evidence that plaintiffs did know that Robert Browder was only an accomodation drawer for Moore and David Browder but their own conduct attests this and therefore they did not look to him as they legally could not to make good any defect on said bills.

Whilst as matter of law nothing else appearing than the bill, there would be no implied *assumpsit* by the drawers to the acceptor who may have paid the bill because the legal presumption would be that the acceptor had funds of the drawer and therefore that he was the prime debtor, yet when such bills are drawn on letters of credit to enable a party to purchase and ship produce this presumption would be rebutted and the drawer become the primary debtor and therefore liable to the acceptor for his advances yet when the acceptor knows that one of the joint drawers is not interested in the produce and that he has merely loaned his name to give the bill currency the acceptor has no more right to look to

him than if he had merely indorsed the bill. In such cases the important inquiry is for whose benefit and accomodation has the acceptor accepted and paid the bill and who are the anticedent parties.

Beside the shipments and sales of tobacco by Moore and Browder & Moore and Moore's other firms up to the payment of the last of these bills were ample to discharge all their then actual advances paid by the plaintiff on their account, and both Moore and David Browder say they instructed the plaintiffs· to appropriate of their shipments a sufficiency to pay these bills. But if this were not so inasmuch as the accounts were mainly kept against Moore and Browder and Moore the law would appropriate any balance in plaintiffs hands unappropriated to the payment of these respective bills rather than have it to be so appropriated on future bills not then due. So in any view of the case the instructions given by the court properly expounded the law of the case and the verdict was fully authorized by the evidence.

Wherefore the evidence is *affirmed*.